This matter had been appealed by defendant to the Court of Appeals from the Full Commission's 16 July 1998 Opinion and Award affirming the prior decision of Deputy Commissioner George Glenn, II, which awarded temporary total disability benefits to plaintiff.
The primary issue on appeal, as identified by the Court of Appeals, is whether there are sufficient findings to indicate that the plaintiff met her initial burden of proving the existence of the second Hilliard factor — that plaintiff is incapable of earning pre-injury wages in any other employment.
***********
In view of the foregoing, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is fifty-five years old (DOB: 9/2/43) and has a high school education. Plaintiff has no other formal training and has worked in assembly line type jobs, with the exception of working as a cook in a school cafeteria for a period of time.
2. Plaintiff's average weekly wage at the time the alleged incident was $396.14 per week, which works out to about $9.90 per hour based on a forty hour week.
3. Plaintiff was released on 20 August 1995, to return to work with the restrictions as set out in her Functional Capacity Evaluation, which stated: "Because of the repetitive lifting involved in her job as conveyor tuber, I do not feel she will be able to return as the requirements exceed her capability. She will best handle a job that will allow for the frequent changes of position at will with reduced lifting demands — occasionally with a 15 lb. range."
4. Plaintiff was also diagnosed with severe depression, but has improved some in that respect.
5. The Full Commission finds that the plaintiff, given her age, education, experience, training, the area in which she lives, and the physical restrictions of her Functional Capacity Evaluation, will be incapable of finding any other employment in her community at/or greater than her pre-injury wages.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident or specific traumatic incident on 6 January 1995, while in the course and scope of her employment with defendant and said accidental injury either caused a new injury or aggravated her pre-existing condition.
2. As a result of the injury by accident plaintiff was temporarily totally disabled from 31 January 1995 through the date of this hearing and continuing until such time as she has returned to work in a position earning the same or greater wages than she was earning at the time of this accident.
3. Plaintiff's average weekly wages at the time of the accident were $396.14. yielding a compensation rate of $264.09.
4. Defendant is obligated to pay all medical expenses incurred or which will be incurred as a result of plaintiff's compensable injury that may cure or give relief or tend to lessen plaintiff's disability.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $264.09 per week for the period from 31 January 1995 through the date of this Opinion and Award and continuing until such time as plaintiff has returned to work earning the same or greater wages than she was earning at the time of her injury or further orders of the Industrial Commission. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury when bills for same have been submitted, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five (25) percent of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the amount due plaintiff shall be deducted and paid directly to plaintiff's attorney.
4. No costs are assessed at this time.
This 22nd day of June 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
Note: This Opinion and Award was signed by all three members of the panel prior to the retirement of J. Howard Bunn, Jr.